# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL A. ESTRADA,

        Plaintiff,

v.                                                             Case No. 08-C-861

KENDRA HEEREY, RYAN BARNES,
and SHARON WILLIAMS

        Defendants.

## ORDER

The plaintiff, Carl A. Estrada, a prisoner confined at the Oshkosh Correctional Institution, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

Pursuant to this court's order dated October 31, 2008, the plaintiff has paid an initial partial filing fee of $1.53. Therefore, his motion to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(b).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

2

Case 2:08-cv-00861-JPS   Filed 12/02/08   Page 2 of 8   Document 5

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that his parole agent, defendant Ryan Barnes,[1] conspired with the two other defendants, Probation and Parole Supervisor Kendra Heeley and Region 3 Chief Sharon Williams, to falsify evidence that was used to arrest him on December 4, 2007. Specifically, the plaintiff contends that defendants Barnes, Heeley, and Williams "fabricated" a statement from the plaintiff's home health aide, Jacquelyn Edwards. This statement alleged that the plaintiff threatened and choked Ms. Edwards. According to the plaintiff, Ms. Edwards "gave no such statement," and the defendants "deliberately conspired together, colluded together, and agreed together to 'lie' against plaintiff" in order to obtain an arrest warrant for the plaintiff and hold him in custody in violation of his "parole liberty interest" and the Fifth, Sixth, and Fourteenth Amendments. As relief, the plaintiff requests damages.

Because parolees have limited liberty interests,

---

[1] The plaintiff spells this name as both "Rayan" and "Ryan," but the documents attached to the complaint reflect that "Ryan" is the correct spelling of Agent Barnes's first name.

> . . . the seizure of a parolee requires something less than probable cause to be reasonable under the Fourth Amendment . . . therefore [the court] must determine whether the facts, taken in the light most favorable to [the parolee], show that [the parole officer] requested the warrant without reasonable suspicion to believe that [the parolee] had violated [the terms of his parole].

*Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). The Court of Appeals for the Seventh Circuit has held that

> . . . a warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue.

*Id.* at 658. In this case, the plaintiff has submitted attachments to his complaint that indicate there may have been other reasons to arrest him, even without the statement from Ms. Edwards. For example, he attaches a copy of the March 14, 2008 revocation decision, which states that the plaintiff admitted consuming cocaine in violation of the rules of community supervision on or about November 27, 2007, and he also attaches a portion of the Violation/Revocation Summary, which states that he had "7 positive urinalysis" between January 11, 2005, and November 27, 2007. Thus, it appears that the fabricated witness statement from Ms. Edwards was not necessary to take him into custody, as the plaintiff could have been arrested on December 4, 2007, for other parole violations due to his admitted positive cocaine tests. The revocation decision also includes the plaintiff's contention that he confronted Ms. Edwards about her failure to show up to work and that she then told him she was going to talk to his parole agent. While this might suggest that Ms.

4

Edwards was motivated to make false allegations against the plaintiff,[2] it undercuts the plaintiff's assertion that the three defendants (rather than Ms. Edwards) fabricated Ms. Edwards's statement. At this point in the proceedings, however, the plaintiff's allegations must be accepted as true, and liberally construed. *See Erickson*, 127 S. Ct. at 2200. Consequently, the plaintiff's allegation that the three defendants intentionally fabricated a witness statement for the purpose of obtaining an arrest warrant states a claim for conspiracy to violate his Fourth Amendment right to be free from unreasonable searches and seizures.

The plaintiff also alleges that the three defendants conspired to submit the fabricated statement at his parole revocation hearing. It appears that the plaintiff believes this constituted a conspiracy to deny his Sixth Amendment right to confront the witness against him, and/or his Fourteenth Amendment due process rights.[3] By submitting the parole revocation decision as part of his complaint, however, the plaintiff has pled himself out of court on this claim. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (the plaintiff "has simply pled himself out of court by saying too much."). The administrative law judge based his revocation decision upon the plaintiff's admissions to various other violations, and explicitly stated that because Ms. Edwards did not testify to counter the testimony of the plaintiff and the plaintiff's

---

[2] It could also indicate that she had a motive to make a true report of the plaintiff's violations.

[3] Although the Sixth Amendment applies only to criminal prosecutions, the Supreme Court has recognized that certain minimum due process rights apply to parole revocations, including "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

5

cousin, there was "insufficient credible and reliable evidence presented that the offender violated his rules by threatening to kill Edwards ... or grabbing her neck." (Complaint Attachment #3, Revocation Decision at 2.) Because the revocation was not based upon the fabricated statement, there was no constitutional violation, and the plaintiff fails to state a conspiracy claim regarding use of the statement at the revocation hearing. *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000) ("The jury's conclusion that the [plaintiffs] suffered no constitutional injury thus forecloses relief on the conspiracy claim.").

In sum, the plaintiff may proceed only upon a claim that the defendants conspired to violate his Fourth Amendment rights by fabricating a witness statement.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely

because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.47 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard

7

any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge