# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL A. ESTRADA,

        Plaintiff,

v.                                                  Case No. 08-CV-861

KENDRA HEEREY, RAYAN BARNES,
and SHARON WILLIAMS,

        Defendants.

## ORDER

The plaintiff, Carl A. Estrada, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, and is proceeding on a claim that the defendants conspired to fabricate a witness statement in order to obtain an arrest warrant. This matter comes before the court on the plaintiff's motions for appointment of counsel and for an extension of time, as well as the defendants' motion for summary judgment.

On June 17, 2009, the plaintiff filed his third motion for appointment of counsel, stating that he believes that defense counsel is hiding information. For the reasons stated in the Order of March 2, 2009, the court declines to recruit counsel.

On July 23, 2009, the plaintiff requested additional time to respond to the defendants' July 1, 2009, motion for summary judgment. The defendants did not oppose the extension, and the plaintiff's September 30, 2009, response brief will therefore be accepted as timely.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id.* For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id.*

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. *Id.* at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id.* at 325. Once the moving party's

initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id.* at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989). In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

**FACTS**

The plaintiff in this case is Carl A. Estrada, who was a Wisconsin state prisoner at the time he filed this lawsuit, and a parolee at the time he claims the defendants violated his rights. The three defendants were employed by the Wisconsin Department of Corrections at all relevant times. Rayan Barnes was the plaintiff's parole agent, Kendra Heerey was Barnes's supervisor, and Sharon Williams was a regional supervisor.

On December 4, 2007, the plaintiff's home health aide, Jacqueline Edwards, met with Barnes in his office and gave him a statement regarding the plaintiff, while Barnes's supervisor, Heerey, was present. Edwards told Barnes and Heerey that she was concerned about certain activities at the plaintiff's home, including possible

-3-

drug use and prostitution, and that she discovered a black handgun underneath the plaintiff's chair cushion in November 26, 2007. Edwards further stated that the following day, November 27, 2007, she told the plaintiff that she had found a gun under his chair and he pushed her into the chair that the gun was under and told her, "I hope you know I have another gun in the back incase you try to do anything." (Statement of Jacquelyn Edwards, Docket #26-3 at 1). Edwards also reported that on December 4, 2007, the plaintiff told her, "If you talk to anybody about me that your not supposed to, and you know what I mean, I'll do what I told you when I snatched your ass in the chair," and then "grabbed [her] by the neck." *Id.*

Milwaukee police officers accompanied Barnes and Heerey to the plaintiff's home and searched it, finding a black BB gun under the plaintiff's mattress. The BB gun had been altered to remove any features that would otherwise distinguish it from a true firearm. After finding the BB gun, Milwaukee police officers arrested the plaintiff. On December 7, 2007, the plaintiff admitted that he had used cocaine, failed to pay his supervision fees, and had been aware of the BB gun under his mattress. The plaintiff denied physically assaulting or threatening Edwards.

On December 11, 2007, Barnes and Heerey decided to proceed with revocation of the plaintiff's supervision. The revocation proceeded on six alleged violations: (1) possession of a BB gun; (2) "threaten[ing] to kill Jacquelyn Edwards"; (3) "grab[bing] Jacquelyn Edwards by the neck against her will"; (4) failing to pay his supervision fees; (5) consuming cocaine; and (6) having a person stay overnight at

his residence without notice to his agent. (Revocation Decision, Docket 26-4, at 1-2). Edwards did not testify at the plaintiff's revocation hearing. The Administrative Law Judge found insufficient evidence that the plaintiff threatened to kill Edwards or grabbed her neck, but nonetheless revoked his parole status, finding that he committed the other four violations of his parole rules.

## ANALYSIS

In support of summary judgment, the defendants offer that the plaintiff is barred from suing them in their official capacity under § 1983 because they are state officials. The defendants also contend that the plaintiff does not indicate any personal involvement by Williams, and has no evidence to show that Barnes and Heerey fabricated Edwards's statement.

In response, the plaintiff maintains that he "never claimed in his pleading that the above named Defendants/Respondents fabricated Ms. Edwards's statement." (Plaintiff's Response Brief, Docket #30 at 4). He goes on to assert, "The allegations #2 and #3, the threats to choke and kill, Ms Edwards were and are statements made by the above named Defendants/Respondents independent of Ms. Edward's statements." *Id.*

The court permitted the plaintiff to proceed on a claim that the defendants conspired to fabricate a witness statement from Edwards in order to unlawfully seize the plaintiff:

> Specifically, the plaintiff contends that defendants Barnes, Heerey, and Williams "fabricated" a statement from the plaintiff's home health aide,

-5-

> Jacquelyn Edwards. This statement alleged that the plaintiff threatened and choked Ms. Edwards. According to the plaintiff, Ms. Edwards "gave no such statement," and the defendants "deliberately conspired together, colluded together, and agreed together to 'lie' against plaintiff" in order to obtain an arrest warrant for the plaintiff and hold him in custody . . . . the plaintiff's allegation that the three defendants intentionally fabricated a witness statement for the purpose of obtaining an arrest warrant states a claim for conspiracy to violate his Fourth Amendment right to be free from unreasonable searches and seizures.

(Court's Order of December 2, 2008, Docket #5 at 3-4). However, the plaintiff no longer maintains that the defendants fabricated Edwards's statement.[1] Instead, he contends that they conspired to "fabricate" their summary of her statement in their violation report:

> The above named Defendant/Respondent fabricated the statement that "<u>Estrada did threaten to kill, Ms. Edwards and choke Ms. Edward's against her will.</u>"
> The above named Defendant/Respondent's cannot explain the origin of there allegations against, Estrada. . . . The reading of, Ms. Edwards statement clearly does not state that, Estrada threatened to shoot her and kill her, and choked her against her will.
> . . .
> The allegations #2 and #3, the threats to choke and kill, Ms Edwards were and are statements made by the above named Defendants/Respondents independent of Ms. Edward's statements.

(Plaintiff's Response Brief, Docket #30 at 3-4). Essentially, the plaintiff argues that the defendants unfairly interpreted and paraphrased the account given by Edwards, which reads:

> On or about 11/27/07 I told Carl Estrada that I had found a gun under his chair. At that point Carl Estrada grabbed me and pushed me into the chair the gun was under and grabbed my bra trying to remove it.

---

[1] *See* Plaintiff's Response Brief, Docket #30 at 4: "Plaintiff never claimed in his pleading that the above named Defendants/Respondents fabricated Ms. Edwards's statement."

-6-

> Carl Estrada also told me "I hope you know I have another gun in the back incase you try to do anything" and then tried to play it off as a joke.
> . . .
> On or about 12/04/07 . . . . Carl Estrada then stated "If you try to talk to anybody about me that your not supposed to, and you know what I mean, I'll do what I told you when I snatched your ass in the chair. I then said basically said forget you and Carl Estrada grabbed me by the neck.

(Statement of Jacquelyn Edwards, Docket #26-3 at 1).

The plaintiff's claim, as he has now clarified it, is without merit. He was permitted to proceed on an unlikely, but not necessarily impossible, claim that the defendants violated his Fourth Amendment right to be free from unreasonable seizures by making up a witness statement as part of a conspiracy to take him into custody without probable cause. The plaintiff has provided no evidence supporting an inference that Williams's statement was fabricated, and cannot now proceed on a theory that the defendants somehow violated his rights merely by mischaracterizing Williams's statement when they proceeded to revoke his parole. The defendants are entitled to absolute immunity for their role in revoking the plaintiff's parole, as "when officials engage in activities that are inexorably connected with the execution of parole revocation procedures and are analogous to judicial action they are also entitled to absolute immunity." *Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008) (internal quotation marks and citation omitted) (holding that parole agent and supervisor were entitled to absolute immunity for placing a parole hold on a parolee). Furthermore, Williams's statement that the plaintiff told her, "I have another gun in the back incase you try to do anything," could reasonably be

-7-

construed as a threat to kill her. *See United States v. Carbaugh*, 141 F.3d 791, 794 (7th Cir. 1998) (holding "that the statement 'I have a gun' can constitute a threat of death"). Accordingly, the defendants' motion for summary judgment shall be granted.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for appointment of counsel (Docket #21) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #29) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #22) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $331.93 outstanding balance of the filing fee in this action to the Clerk of Court.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-8-

Case 2:08-cv-00861-JPS   Filed 03/09/10   Page 8 of 8   Document 35